**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **COACH, INC. and** <br> **COACH SERVICES, INC.,** <br><br> *Plaintiffs*, <br><br> vs. <br><br> **J&H TRADING CO., THE KIM GROUP,** <br> **INC., individually and d/b/a J&H** <br> **TRADING CO., GIANT TRADING** <br> **CORP., individually and d/b/a J&H** <br> **TRADING CO., HYUNG M. KIM,** <br> **individually and d/b/a J&H TRADING** <br> **CO., and JUNG JAE KIM, individually** <br> **and d/b/a J&H TRADING CO.,** <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> §    **CASE NO.** _____ |

## ORIGINAL COMPLAINT

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach" or "Plaintiffs"), through their undersigned counsel, Locke Lord LLP, hereby file this Original Complaint against Defendants J&H Trading Co., The Kim Group, Inc., individually and d/b/a J&H Trading Co., Giant Trading Corp., individually and d/b/a J&H Trading Co., Hyung M. Kim, individually and d/b/a J&H Trading Co., and Jung Jae Kim, individually and d/b/a J&H Trading Co. (hereinafter collectively referred to as "Defendants") requesting damages and injunctive relief, and upon personal knowledge as to their own acts and circumstances, and upon information and belief as to the acts and circumstances of others, allege as follows:

### Nature of Action

1.     This is an action for trademark infringement, false designation of origin, and false advertising under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a)) and trademark

infringement, unfair competition, and unjust enrichment under the common law of the State of Texas.

## Jurisdiction and Venue

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Texas.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 (b) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

6.      Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.

7.      Upon information and belief, Defendant J&H Trading Co. is a domestic entity operating a business under the assumed name of J&H Trading Co. at 6802 Harwin Drive, Houston, Texas 77036 and at 5826 Parkersburg Drive, Houston, Texas 77036 and also has its principal place of business in Houston, Harris County, Texas.  J&H Trading Co. may be served

with process at its principal place of business, 6802 Harwin Drive, Houston, Texas 77036; by serving its manager, Hyung Kim at 150 Gessnar Road, Unit 9E, Houston, Texas 77024, or wherever he or she may be found; or by serving its President, Jung Jae Kim at 150 Gessnar Road, Unit 9E, Houston, Texas 77024, or wherever he or she may be found.

8.      Upon information and belief, Defendant The Kim Group, Inc. is a Texas corporation operating a retail store known as J&H Trading Co. located at 6802 Harwin Drive, Houston, Texas 77036 with a distribution center at 5826 Parkersburg Drive, Houston, Texas 77036, and has its principal place of business in Houston, Harris County, Texas.  The Kim Group may be served with process at its registered office address at 6001 Savoy Drive, Suite 109, Houston, Texas 77036-3322 or by serving its registered agent and director, Hyung M. Kim at 150 Gessnar Road, Unit 9E, Houston, Texas 77024, or wherever he or she may be found.

9.      Upon information and belief, Defendant Giant Trading Corp. is a Texas corporation operating a retail store known as J&H Trading Co. located at 6802 Harwin Drive, Houston Texas 77036 with a distribution center at 5826 Parkersburg Drive, Houston, Texas 77036, and has its principal place of business in Houston, Harris County, Texas.  The Giant Trading Corp. may be served with process at its registered office address at 6001 Savoy Drive, Suite 109, Houston, Texas 77036-3322 or by serving its registered agent, director, and president, Jung Jae Kim at 150 Gessner Road, Unit 9E, Houston, Texas 77024.

10.      Upon information and belief, Hyung M. Kim is an individual residing in Houston, Harris County, Texas.  Hyung M. Kim is the manager of J&H Trading Co. and the director and registered agent for The Kim Group, Inc.  Hyung M. Kim may be served with process at his/her residence, 150 Gessnar Road, Unit 9E, Houston, Texas 77024, or wherever he or she may be found.

11.     Upon information and belief, Jung Jae Kim is an individual residing in Houston, Harris County, Texas.  Jung Jae Kim is the president of J&H Trading Co. and the registered agent, director, and president of Giant Trading Corp.  Jung Jae Kim may be served with process at his/her residence, 150 Gessnar Road, Unit 9E, Houston, Texas 77024, or wherever he or she may be found.

12.     Upon information and belief, Hyung M. Kim is an agent of J&H Trading Co. and The Kim Group, Inc.

13.     Upon information and belief, Jung Jae Kim is an agent of J&H Trading Co. and Giant Trading Corp.

14.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

15.     Plaintiffs further allege that Defendants have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

16.     Upon information and belief, Defendant The Kim Group, Inc. is a Texas corporation that is and has been doing business as the owner and/or operator of and/or in concert with, inter alia, J&H Trading Co., Giant Trading Corp., Hyung M. Kim, and Jung Jae Kim.

17.     Upon information and belief, Defendant Giant Trading Corp. is a Texas corporation that is and has been doing business as the owner and/or operator of and/or in concert with J&H Trading Co., The Kim Group, Hyung M. Kim, and Jung Jae Kim.

18.     Defendants are each liable for the infringing activities described herein.

19.     Upon information and belief, Defendants Hyung M. Kim. and Jung Jae Kim are individuals who are and have been doing business in their individual capacities as the owners and/or operators of and/or in concert with, inter alia, J&H Trading Co., The Kim Group, Inc., Giant Trading Corp., and each other, and are individually liable for the infringing activities described herein.

20.     At all relevant times Defendants The Kim Group, Inc., Giant Trading Corp., Hyung M. Kim., and Jung Jae Kim, participated in and/or had the ability and right to supervise, direct, and control the infringing activities occurring at J&H Trading Co. and alleged in this Complaint.

21.     Upon information and belief, Defendants The Kim Group, Inc., Giant Trading Corp., Hyung M. Kim., and Jung Jae Kim, derived direct financial benefits from the infringing activities alleged herein.   As a result, Defendants are liable individually, contributorily, and vicariously to Coach for the infringing activities alleged herein and that was occurring at J&H Trading Co.

### The World Famous Coach Brand and Products

22.     Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States, including Texas.

23.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements for many years on and in connection with the advertisement and sale of its

products, including, but not limited to, those detailed in paragraph 25 of this Complaint (collectively, the "Coach Marks").

24.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding five billion dollars ($5,000,000,000).  Coach continues to invest substantial sums in promoting its products and services offered under the Coach Marks.

### The Coach Trademarks

25.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 3,908,558 | POPPY | 09 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 |  |
| 3,779,466 | COACH OP ART | 6, 9, 14, 16, 18, 25 for *inter alia*  key fobs, glasses, jewelry, daily planners, backpacks, billfolds, and belts. | April 20, 2010 | COACH OP ART |
| 3,696,470 | COACH OP ART & DESIGN | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 |  |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 |  |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 |  |

26.     These registrations[1] are valid, subsisting, in full force and effect, and many have become incontestable pursuant to 15 U.S.C. § 1065.

27.     The registration of the marks constitutes prima facie evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

28.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

29.     The Coach Trademarks have been continuously used and have never been abandoned.

30.     As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill.  Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

### Defendants' Acts of Infringement and Unfair Competition

31.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks (hereinafter referred to as the "Infringing Products").  Defendants' specific conduct includes, among other things:

32.     Defendants traffic in counterfeit Coach bras at J&H Trading Co. in Houston, Harris County, Texas as an enticement to attract potential customers to the business.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

33.     On information and belief, on or about July 12, 2013, an investigator from Coach entered J&H Trading Co. at 6802 Harwin Drive, Houston, Texas 77036-2210, and observed a number of items displayed for sale bearing the Coach Trademarks, including packages of bras bearing the Coach Trademark.

34.     The investigator photographed the Infringing Products on display for sale.

35.     Using cash, the investigator purchased one (1) package containing six (6) bras bearing the Coach Trademarks for the amount of twenty dollars ($20.00), plus tax in the amount of one dollar and sixty-five cents ($1.49).

36.     The investigator was issued a receipt for the purchase containing the purchase price.

37.     The investigator also obtained a business card which identified the business name as J&H Trading Co. and identified the location of the "Headquarters" of J&H Trading Co. as 6802 Harwin Drive, Houston, Texas 77036.

38.     The business card also identified the location of J&H Trading Co.'s "Distribution Center" as 5826 Parkersburg Drive, Houston, Texas 77036.

39.     The purchased bras are counterfeit and infringe on Coach's trademarked intellectual property.

40.     Defendants are not, and never have been, authorized retailers of Coach merchandise.

41.     Upon information and belief, Defendants The Kim Group, Giant Trading Corp., Hyung M. Kim, and Jung Jae Kim each contributed to these infringing acts by J&H Trading Co. to sell and distribute counterfeit Coach products on the premises.

42.     Upon information and belief, Defendants The Kim Group, Giant Trading Corp., Hyung M. Kim, and Jung Jae Kim were each aware, or should have been aware, or were willfully blind to these infringing activities.

43.     Further, Defendants The Kim Group, Giant Trading Corp., Hyung M. Kim, and Jung Jae Kim had an obligation and ability to control and stop these infringements, but failed to do so.

44.     Indeed, Defendants The Kim Group, Giant Trading Corp., Hyung M. Kim, and Jung Jae Kim did not want the infringement to stop as, upon information and belief, they received direct financial benefits from the infringement.

45.     These acts and failures to act by Defendants The Kim Group, Giant Trading Corp., Hyung M. Kim, and Jung Jae Kim materially contributed to the infringement.

46.     Each of the Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, and the Coach Marks, and the incalculable goodwill associated therewith.

47.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks or the Coach Marks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

48.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

49.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

50.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.  In fact, as of the date of filing this Original Complaint,

51.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

### COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

52.     Coach repeats and realleges the allegations set forth above as if fully set forth herein.

53.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach's Trademarks.

54.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

55.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

56.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

57.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

58.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

59.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

60.     Coach repeats and realleges the allegations set forth above as if fully set forth herein.

61.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

62.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

63.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

64.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

65.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

66.     Upon information and belief, Defendants intend to continue their  infringing acts, unless restrained by this Court.

67.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

68.     Coach repeats and realleges the allegations set forth above as if fully set forth herein.

69.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

70.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

71.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

72.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

73.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (Common Law Trademark Infringement)

74.     Coach repeats and realleges the allegations set forth above as if fully set forth herein.

75.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

76.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to the Coach Trademarks.

77.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

78.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

79.     Defendants' acts constitute trademark infringement in violation of the common law of the State of Texas.

80.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

81.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

82.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
### (Common Law Unfair Competition)

83.     Coach repeats and realleges the allegations set forth above as if fully set forth herein.

84.     The foregoing acts of Defendants permit Defendants to use and benefit from the goodwill and reputation earned by Coach and to obtain a ready customer acceptance of Defendants' products, and constitute unfair competition, palming off, and misappropriation in violation of Texas common law, for which Coach is entitled to recover any and all remedies provided by such common law.

85.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

86.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

87.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VI
### (Common Law Unjust Enrichment)

88.     Coach repeats and realleges the allegations set forth above as if fully set forth herein.

89.     By reason of the foregoing, Defendants have unjustly enriched themselves, and continue to do so, in an unknown amount.

90.     Coach is entitled to just compensation under the common law of the State of Texas.

## COUNT VII
### (Attorneys' Fees)

91.     Coach repeats and realleges the allegations set forth above as if fully set forth herein.

92.     Coach is also entitled to an award of attorneys' fees and costs under 15 U.S.C. § 1117(a).

### **Prayer**

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.      Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have engaged in trademark infringement and unfair competition under the common law of Texas; and (iii) Defendants have been unjustly enriched in violation of Texas common law.

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks;

2.      engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; and

3.      engaging in any other activity that will cause the distinctiveness of the Coach Trademarks to be diluted.

C.      Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendants to file with this Court and serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.      Awarding Coach statutory damages of $2,000,000 per counterfeit mark per type of good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.     Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

H.     Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

I.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

J.      Awarding Coach such additional and further relief as the Court deems just and proper.

## **Conditions Precedent**

102.    All conditions precedent have been performed or have occurred. (FED. R. CIV. P. 9(c)).

## **Demand for Trial by Jury**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Respectfully submitted,

LOCKE LORD LLP


By __/s/_____

**Ginger Appleberry**
Attorney in Charge
Texas Bar No. 24040442
So. Distr. Bar No. 562955
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Fax)

Of Counsel:

**Dan Branum**
Texas Bar No. 24064496
So. Distr. Bar No. 1467028
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Fax)

**COUNSEL FOR PLAINTIFFS
COACH, INC. AND COACH
SERVICES, INC.**